IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BHR RECOVERY COMMUNITIES, INC.,
d/b/a BROAD HIGHWAY RECOVERY,
    Plaintiff,

v.                                        Civil Action No. 3:17-cv-00569-JAG

TOP SEEK, LLC, et al.,
    Defendants.

## OPINION

The plaintiff, BHR Recovery Communities, Inc. d/b/a Broad Highway Recovery ("Broad Highway"), operates an addiction recovery business in Richmond, Virginia. Broad Highway alleges that Top Seek, LLC ("Top Seek"), and numerous unidentified defendants tried to steal some of Broad Highway's customers. Allegedly, the defendants secretly changed the phone number on Broad Highway's Google business listing. This nefarious change detoured Broad Highway's customers to a different road to recovery. Top Seek has moved to dismiss Broad Highway's six-count amended complaint for lack of personal jurisdiction and failure to state a claim.[1]

The Court grants in part and denies in part Top Seek's motion. Specifically, the Court finds that it can exercise personal jurisdiction over Top Seek. Count 1 fails because non-binding authority persuades the Court that Virginia's unauthorized use of a name statute protects only

---

[1] Broad Highway alleges diversity jurisdiction in the amended complaint, but does not plead the citizenship of all of Top Seek's members. Limited liability companies like Top Seek derive their citizenship from their members, *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011), so the Court cannot confirm from the amended complaint whether it has diversity jurisdiction. Nevertheless, Broad Highway pleads a viable federal question under the Lanham Act, and the Court has supplemental jurisdiction over the state law claims because they are "so related" to the federal claim. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 615 (4th Cir. 2001).

natural persons, not entities like Broad Highway. Broad Highway fails to plead detrimental reliance, a necessary element of a Virginia Consumer Protection Act ("VCPA") claim, so Count 2 also fails. As to Count 3, Broad Highway does not plead business conspiracy with the requisite particularity. Conversely, Broad Highway adequately pleads the elements of a Lanham Act claim, so the Court will deny Top Seek's motion to dismiss Count 4. Similarly, because Broad Highway pleads the elements for violations of Virginia Code §§ 18.2-214 and 18.2-216, Counts 5 and 6 will proceed.

## I. FACTS ALLEGED IN THE AMENDED COMPLAINT

Broad Highway operates as an intervention program and sober living facility in Virginia. Broad Highway initially sued Life Solutions, Inc. ("Life Solutions"); Best Drug Rehabilitation, Inc. and Best Drug Rehabilitation Holdings, Inc. (collectively, "Best Drug"); Serenity Point Recovery, Inc. ("Serenity"); A Forever Recovery, Inc. ("A Forever Recovery"); and Tony Logue, the intake coordinator for Life Solutions. Best Drug, Serenity, and A Forever Recovery operate substance abuse treatment facilities in Michigan. Life Solutions operates a call center that attempts to place people seeking treatment in these Michigan facilities, among others. After the Court allowed limited jurisdictional discovery, Broad Highway dismissed all of these defendants and sued Top Seek in an amended complaint.

On September 2, 2015, Top Seek entered into a contract to generate sales leads for Life Solutions. Essentially, Top Seek promised to generate leads so that Life Solutions could route clients seeking substance abuse treatment to the Michigan facilities. On December 9, 2016, Top Seek contracted with Century Interactive/Call Box, Inc. ("Call Box"), to set up a unique phone number to track sales that Top Seek generated. Through Call Box, Top Seek established a

2

number with an "804" area code (the "804 number") to forward calls to Life Solutions in Michigan. The 804 area code "is Virginia specific." (Am. Compl., at 4.)

On February 23, 2017, Top Seek caused Google to change the phone number on Broad Highway's Google business listing[2] from a toll-free "855" number to the 804 number. Top Seek took certain measures to hide its identity when changing the phone number. For instance, Top Seek used a Gmail account with a fake name and a recovery e-mail account hosted by a Hungarian proxy provider called Your Own Protection Mail ("YOPmail"). To set up the Gmail account, Top Seek also used a Canadian telephone number from an internet-based provider named Text-Me. Additionally, a company called Sophidea, Inc., masked the IP address of the computer that Top Seek used to switch Broad Highway's phone number. Through social media and its contacts in the treatment community, Broad Highway discovered that its Google listing contained the incorrect phone number on March 2, 2017.

Upon noticing the wrong phone number, Broad Highway's owner, Sam Davis, called the 804 number, and someone with "Treatment Services" answered. When Davis asked why he had been connected to Treatment Services and requested to speak to a supervisor, the recipient terminated the call. Another person, seemingly affiliated with Broad Highway, then called the 804 number and was directed to a Michigan facility called, "Serenity." Soon thereafter, Tony Logue called the Broad Highway caller back to discuss Life Solutions' rehabilitation programs.

Logue then sent an e-mail to the caller providing information about a Life Solutions facility called "A Forever Recovery." Someone had registered the e-mail address that Logue used with Domain by Proxy, LLC, to shield the registrant's identity. The next day, on March 3, 2017, Logue e-mailed a financial agreement for Serenity to the caller. It proposed a $29,000

---

[2] Google business listings, which appear when a user conducts a Google search for a company, include the company's full name, address, phone number, and website link. (Am. Compl., at 3.)

3

down payment. On March 22, 2017, Top Seek terminated the 804 number with Call Box. Top Seek and Life Solutions renewed their contract on July 26, 2017.

The amended complaint alleges six counts: (1) unauthorized use of a name; (2) VCPA violation; (3) business conspiracy; (4) Lanham Act violation; (5) violation of Va. Code § 18.2-214; and (6) violation of Va. Code § 18.2-216.

## II. <u>DISCUSSION</u>[3]

### *A. Personal Jurisdiction*

A court can exercise personal jurisdiction over a non-resident defendant if the defendant has certain minimum contacts with the forum state such that the suit does not offend "traditional notions of fair play and substantial justice." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In this case, the Court must determine whether it can exercise specific personal jurisdiction by examining three factors: (1)

---

[3] Top Seek has moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). A Rule 12(b)(2) motion challenges a court's exercise of personal jurisdiction over a defendant. The plaintiff bears the burden of demonstrating jurisdiction. *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016). When courts address a challenge to personal jurisdiction by reviewing the complaint and the parties' motions, accompanying affidavits, and supporting memoranda, the plaintiff must make a prima facie showing of personal jurisdiction to survive the challenge. *Id.* at 268. "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

4

whether the defendant purposefully availed itself of conducting activities in Virginia; (2) whether the plaintiff's claim arose out of those activities directed at Virginia; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016).

When a case involves internet contacts, a sliding scale test determines whether a "defendant purposefully availed itself of the privilege of conducting activities in the [s]tate." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712–13 (4th Cir. 2002). At one end of the scale, a defendant actively does business over the internet, like entering into contracts with residents of foreign jurisdictions and repeatedly transmitting internet files. *Id.* at 713. At the other, passive end of the scale, a defendant simply posts information online. *Id.* at 713-14. Within the middle ground, a defendant might have an interactive website. *Id.* at 714.

Using the sliding scale, a court may exercise jurisdiction over a foreign entity that "(1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *Id.* In other words, "specific jurisdiction in the Internet context may be based only on an out-of-state person's Internet activity directed at [Virginia] and causing injury that gives rise to a potential claim cognizable in [Virginia]." *Id.* Under this test, a federal court in Virginia had jurisdiction over a defendant who transmitted spam e-mails through servers in Virginia when the plaintiff's claims stemmed directly from that activity. *Verizon Online Servs., Inc. v. Ralsky*, 203 F. Supp. 2d 601, 620–21 (E.D. Va. 2002).

Broad Highway's amended complaint satisfies the *ALS Scan* test. First, Broad Highway claims that Top Seek directed electronic activity into Virginia by changing the phone number for

5

a Virginia business' Google listing. Second, Broad Highway alleges that Top Seek intentionally used the "804" area code to target "a Virginia audience," *Young v. New Haven Advocate*, 315 F.3d 256, 263 (4th Cir. 2002), and to forward Virginia callers to Broad Highway's competitors in Michigan. Finally, and as set forth in this Opinion, Top Seek's actions created potential causes of action cognizable in Virginia's courts. Like in *Verizon*, Top Seek's connection with Virginia stems from Broad Highway's claims themselves. 203 F. Supp. 2d at 620. The amended complaint alleges that Top Seek did more than simply "place[] information on the Internet." *ALS Scan*, 293 F.3d at 712. Instead, Top Seek targeted a Virginia company and attempted to usurp Virginia clients using a phone number with a Virginia area code. For these reasons, the Court can constitutionally exercise personal jurisdiction over Top Seek.

### *B. Count 1: Unauthorized Use of a Name (Va. Code § 8.01-40)*

Virginia Code § 8.01-40(A) provides:

> Any <u>person</u> whose name, portrait, or picture is used without having first obtained the written consent of such person, or if dead, of the surviving consort and if none, of the next of kin, or if a minor, the written consent of his or her parent or guardian, for advertising purposes or for the purposes of trade, such persons may maintain a suit in equity against the person, firm, or corporation so using such person's name.

Va. Code. § 8.01-40(A) (emphasis added). A corporate entity is not a "person" under this statute. *Devil's Advocate, LLC v. Zurich Am. Ins. Co.*, 666 F. App'x 256, 262 (4th Cir. 2016). The provision discusses "the death of the aggrieved person," and only natural persons can die. *Id.* Furthermore, "in describing the party entitled to sue, the statute refers only to a 'person,' but in describing the parties subject to suit, the statute makes explicit the distinction between a 'person, firm, or corporation.'" *Silver Ring Splint Co. v. Digisplint, Inc.*, 567 F. Supp. 2d 847, 855 (W.D. Va. 2008).

6

*Devil's Advocate* and *Silver Ring* set forth well-reasoned interpretations of the statutory language, and the Court sees no reason to depart from their logic. The statute does not apply to Broad Highway as a corporate entity, so the Court will grant Top Seek's motion to dismiss Count 1.

### C. Count 2: VCPA

The General Assembly passed the VCPA "to promote fair and ethical standards of dealings between suppliers and the consuming public." Va. Code Ann. § 59.1-197. To state a claim under the VCPA, a plaintiff must allege (1) a fraudulent act (2) by a supplier (3) in a consumer transaction. *Id.* § 59.1-200(A); *Nahigian v. Juno Loudoun, LLC*, 684 F. Supp. 2d 731, 741 (E.D. Va. 2010). As a claim sounding in fraud, Federal Rule of Civil Procedure 9(b) requires plaintiffs to plead VCPA claims with particularity. *Id.* In misrepresentation cases, the VCPA also requires proof of reliance and damages. *Owens v. DRS Auto. Fantomworks, Inc.*, 288 Va. 489, 498, 764 S.E.2d 256, 260 (2014). Although the Virginia Supreme Court has not weighed in, courts in this district have decided that competitors lack standing under the VCPA because the legislature intended the statute to protect consumers. *E.g., H.D. Oliver Funeral Apartments, Inc. v. Dignity Funeral Servs., Inc.*, 964 F. Supp. 1033, 1039 (E.D. Va. 1997).

Broad Highway alleges that Top Seek misrepresented that Broad Highway "is affiliated or associated with Defendants," presumably meaning the Michigan treatment facilities, the defendants named in the first complaint. (Am. Compl, at 11.) Broad Highway alleges that, by switching the phone number on its Google listing, Top Seek misrepresented Broad Highway's affiliation with the Michigan facilities. Even if the Court assumes that Broad Highway and Top Seek do not qualify as competitors, this claim fails. Broad Highway does not plead that it suffered a loss because it relied upon the misrepresentation that Broad Highway shared a

connection with other treatment facilities. *See Brown v. Transurban USA, Inc.*, 144 F. Supp. 3d 809, 846 (E.D. Va. 2015) (dismissing VCPA count when the plaintiffs failed to allege they relied upon the defendants' misrepresentation to their detriment). This pleading failure highlights why Broad Highway cannot use the VCPA as a vehicle for relief in this case. Broad Highway claims that it suffered a loss due to the phone number swap, but does not and cannot claim that it suffered that loss because it relied on Top Seek's misrepresentation.[4] The Court will thus dismiss Count 2.

### D. Count 3: Business Conspiracy (Va. Code §§ 18.2-499 and 18.2-500)

A business conspiracy claim arises when two or more persons "combine, associate, agree, mutually undertake or concert together for the purposes of . . . willfully and maliciously injuring another in his reputation, trade, business, or profession by any means whatever." Va. Code § 18.2-499(A); *id.* § 18.2-500(A) (creating right to sue for violations of § 18.2-499). A plaintiff must prove (1) two or more people combined to willfully and maliciously injure the plaintiff in his business, and (2) resulting damage to the plaintiff. *Allen Realty Corp. v. Holbert*, 227 Va. 441, 449, 318 S.E.2d 592, 596 (1984). The statute requires legal, rather than actual, malice, meaning the defendants acted "intentionally, purposely, and without lawful justification." *Commercial Bus. Sys., Inc. v. Bellsouth Servs., Inc.*, 249 Va. 39, 47, 453 S.E.2d 261, 267 (1995). While the statute does not require that a defendant's co-conspirator act with legal malice, it does require that "one party, acting with legal malice, conspire with another party to injure the plaintiff." *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 108

---

[4] Broad Highway seemingly attempts to place itself in the shoes of any consumers who might have relied on the phone number swap to their detriment, but that is not Broad Highway's case to bring. *See Diamonds Direct USA, Inc. v. BFJ Holdings, Inc.*, No. 3:12-cv-303, 2012 WL 2505282, at *3 (E.D. Va. June 28, 2012) ("The [VCPA] is designed to provide members of the consuming public . . . with a statutory remedy.").

8

F.3d 522, 527 (4th Cir. 1997). Like fraud, a plaintiff must plead business conspiracy with particularity. *Gov't Emps. Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 706 (E.D. Va. 2004). The heightened pleading standard prevents all unfair competition disputes from becoming business conspiracy claims. *Id.*

The amended complaint does not clearly allege with whom Top Seek conspired to steal Broad Highway's business. In Broad Highway's opposition to the motion to dismiss, it clarifies that Top Seek conspired with Google. Broad Highway must plead business conspiracy with particularity, but its conspiracy claim does not even appear plausible. The facts in the amended complaint do not indicate that Top Seek and Google "combined" to do anything, much less to injure Broad Highway. *Allen Realty*, 227 Va. at 449, 318 S.E.2d. at 596; *see also Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003) (noting that a plaintiff must allege the defendants combined "to effect a preconceived plan and unity of design and purpose, for the common design is the essence of the conspiracy"). Broad Highway does not allege that Google and Top Seek combined for a common purpose. Because Broad Highway fails to plead its business conspiracy claim with particularity, the Court will dismiss Count 3.

### *E. Count 4: Lanham Act (15 U.S.C. § 1125)*

The Lanham Act governs trademarks, service marks, and unfair competition. *See* 15 U.S.C. § 1127. Section 1125 provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
> 
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to

9

the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

*Id.* § 1125(a)(1).

Broad Highway alleges a trademark infringement claim under the Lanham Act, requiring it to plead that (1) it possesses a mark; (2) the defendant used the mark; (3) the defendant used the mark in commerce; (4) the defendant used the mark in connection with the sale, offering for sale, distribution, or advertising of goods or services; and (5) the defendant used the mark in a manner likely to confuse consumers. *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001) [hereinafter "*PETA*"]. A plaintiff claiming ownership of a mark under common law principles, rather than through registration, must show that he actually used the mark in a given market. *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267–69 (4th Cir. 2003). The plaintiff must use the mark deliberately and continuously to establish ownership. *Larsen v. Terk Techs. Corp.*, 151 F.3d 140, 146 (4th Cir. 1998).

The fifth element, likelihood of confusion, exists when the defendant's actions will likely produce confusion in consumers' minds regarding the origin of the goods or services at issue. *Swatch, S.A. v. Beehive Wholesale, LLC*, 888 F. Supp. 2d 738, 746 (E.D. Va. 2012), *aff'd sub nom.* 739 F.3d 150 (4th Cir. 2014). A nine-factor test determines the likelihood of confusion, but not all factors pertain to every case, and courts may weigh each differently. *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 154 (4th Cir. 2012). The factors include:

(1) the strength or distinctiveness of the plaintiff's mark as actually used in the marketplace; (2) the similarity of the two marks to consumers; (3) the similarity

10

of the goods or services that the marks identify; (4) the similarity of the facilities used by the markholders; (5) the similarity of advertising used by the markholders; (6) the defendant's intent; (7) actual confusion; (8) the quality of the defendant's product; and (9) the sophistication of the consuming public.

*Id.* at 153.

Although unconventional, Broad Highway pleads a Lanham Act claim. First, Broad Highway alleges that it owns the trade name, "Broad Highway Recovery" because it has used and advertised that name in a specific Virginia market since 2011. *See Larsen*, 151 F.3d at 146 (discussing trade name protection). Broad Highway claims that Top Seek used its mark in commerce by usurping its Google listing to associate the "Broad Highway Recovery" trade name with a phone number linked to other treatment facilities. *See Avepoint, Inc. v. Power Tools, Inc.*, 981 F. Supp. 2d 496, 512 (W.D. Va. 2013) ("[C]ourts have repeatedly held that the unauthorized use of a trademark on the internet satisfies the 'in commerce' requirement."). As to the fourth element, Top Seek used Broad Highway's mark in connection with the sale of services by "prevent[ing] [consumers] from obtaining or using" Broad Highway's services. *PETA*, 263 F.3d at 365; *see also Avepoint*, 981 F. Supp. 2d at 513–14 (finding the sale element satisfied when the defendants created a fake LinkedIn profile to direct customers to Avepoint's primary competitor). Finally, pursuant to the nine-factor test, the amended complaint sufficiently alleges that Top Seek intentionally used Broad Highway's name in a way that would likely cause confusion among consumers attempting to reach one treatment facility in Virginia and instead reaching similar facilities in Michigan.

In sum, the Court will deny the motion to dismiss Count 4 because Broad Highway pleads the elements of a Lanham Act claim.

### *F. Count 5: Va. Code § 18.2-214*

Broad Highway's next claim alleges that Top Seek changed or removed Broad Highway's trademark. The relevant Virginia Code provision reads:

> Any person, firm, association or corporation who or which intentionally removes, defaces, alters, changes, destroys or obliterates in any manner or way or who causes to be removed, defaced, altered, changed, destroyed or obliterated in any manner or way any trademark, distinguishment or identification number, serial number or mark on or from any article or device, in order to secrete its identification with intent to defraud, shall be guilty of a Class 1 misdemeanor.

Va. Code § 18.2-214. This provision creates criminal liability, but "Va. Code. § 59.1-68.3 gives any person who suffers a loss due to a violation of § 18.2-214, *et seq.*, a cause of action for damages similar to damages recoverable under the VCPA." *East West, LLC v. Rahman*, 873 F. Supp. 2d 721, 732 n.12 (E.D. Va. 2012); *see also* Va. Code § 59.1-68.3 (limiting damages to the greater of $100 or actual damages).

The plain meanings of the words "article" and "device" signal that the statute addresses physically removing a trademark. *See Swimways Corp. v. Overbreak, LLC*, 354 F. Supp. 2d 637, 644 (E.D. Va. 2005) (defining a device as "a thing adapted for a purpose or designed for a particular function"); *Article, Black's Law Dictionary* (10th ed. 2014) (defining an article as "a particular item or thing," like an article of clothing). Moreover, the next section of the code sets forth penalties for removing or altering identification or serial numbers on business machines, and the following section addresses the same as to household appliances. Va. Code §§ 18.2-214.1; 18.2-215.

Courts, however, have not interpreted these terms in the context of this provision, and the Court can find no authority requiring dismissal of Count 5 at this stage. Broad Highway adequately pleads the elements in the statute by claiming that Top Seek intentionally changed

Broad Highway's trademark by altering the phone number associated with it.[5] The Court will thus deny the motion to dismiss this count.

### G. Count 6: Va. Code § 18.2-216

Virginia's false advertising provision also establishes criminal liability, but § 59.1-68.3 creates a related civil cause of action.[6] *Henry v. R.K. Chevrolet, Inc.*, 219 Va. 1011, 1013, 254 S.E.2d 66, 67 (1979). To plead a claim for false advertising, a plaintiff must show (1) an advertisement of any sort; (2) intent to sell or induce the public to enter into an obligation; (3) untrue, misleading or deceptive information, and (4) that the plaintiff suffered a loss. *Am. Demolition & Nuclear Decommissioning, Inc. v. IBCS Grp., Inc.*, 21 F. Supp. 3d 632, 636 (W.D. Va. 2014).

Broad Highway sufficiently pleads a false advertising claim. Taking the allegations in the amended complaint as true, Top Seek published misleading information—namely, the 804 number—on Broad Highway's Google listing, intending to sell the Michigan facilities' services. *See Avepoint*, 981 F. Supp. 2d at 521 (denying motion to dismiss where the defendants' Twitter postings misled customers to encourage them to buy the defendants' products); *see also Portfolio Recovery Assoc., Inc. v. Portfolio Recovery Grp., LLC*, 2:12-cv-649, 2013 WL 5723869, at *9 (E.D. Va. Oct. 18, 2013) (granting default judgment for false advertising when the defendant registered a confusingly similar domain name for its website). Broad Highway alleges that it lost

---

[5] Top Seek argues repeatedly that it did not have the requisite authority or control to change Broad Highway's Google business listing. This argument involves a factual question that the Court will not resolve at this stage. *See Hunt v. Miller*, 908 F.2d 1210, 1216 (4th Cir. 1990) (noting that agency and authority involve questions of fact that a trier of fact should determine).

[6] A plaintiff can bring civil causes of action under both §§ 18.2-214 and 18.2-216 without a successful criminal prosecution. *H.D. Oliver Funeral Apartments, Inc. v. Dignity Funeral Servs., Inc.*, 964 F. Supp. 1033, 1039 (E.D. Va. 1997).

revenue because potential customers went to the Michigan facilities instead of Broad Highway.[7] Thus, the amended complaint adequately alleges the elements of this claim, and the Court will deny the motion to dismiss Count 6.

### III. CONCLUSION

For the reasons stated in this Opinion, the Court can constitutionally exercise personal jurisdiction over Top Seek, and will dismiss Counts 1, 2, and 3 with prejudice. Broad Highway adequately pleads Counts 4, 5, and 6, so those claims will go forward.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 29 Nov. 2018
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[7] The Court notes that Broad Highway may have a difficult time showing actual damages in this case. Nevertheless, at the pleading stage, Broad Highway's allegations suffice to survive the motion to dismiss.

14